## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIK S. BOWKER,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:05-0146** |
| v. | : | **(CONNER, D.J.)** |
| | : | **(MANNION, M.J.)** |
| **CORRECTIONS OFFICER (C/O) MRS. GUYSER, <u>et</u> <u>al.</u>,** | : | |
| | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

On January 21, 2005, the plaintiff, a former inmate at the Federal Correctional Institution at Allenwood, ("FCI-Allenwood"), White Deer, Pennsylvania[1], filed this civil rights action pursuant to 28 U.S.C. § 1331. (Doc. No. 1)[2].

---

[1] The plaintiff is currently incarcerated at the United States Penitentiary, Lewisburg, ("USP-Lewisburg"), Pennsylvania. (<u>See</u> Doc. No. 8).

[2] The court notes that this is one of eleven actions filed by the plaintiff in this court. On December 23, 2003, the plaintiff initially filed a civil rights action, which he later withdrew, after a recommendation by this court that the action be dismissed. <u>See</u> Civil Action No. 1:03-2340. On July 19, 2004, the plaintiff filed his first FTCA action, which was subsequently ordered to be transferred to the United States District Court for the Eastern District of Michigan. <u>See</u> Civil Action No. 1:04-1563. On September 9, 2004, the plaintiff filed another FTCA action, which is currently pending before the court on a recommendation that the action be dismissed for the plaintiff's repeated failure to follow this court's orders. <u>See</u> Civil Action No. 1:04-1999. On November 2, 2004, the plaintiff filed yet another FTCA action, which is currently pending before the court on a recommendation by the undersigned that the action be transferred to the United States District Court for the

(continued...)

On the same day, the plaintiff filed an application to proceed in forma pauperis and authorization form. (Doc. Nos. 2 & 3). As a result, a financial administrative order was automatically issued on January 24, 2005. (Doc. No. 6).

Because the plaintiff indicated that he has "over twenty active civil and criminal court cases," the court conducted a search of the United States Courts' PACER[3] system to determine the status of those cases. The court's search revealed that the plaintiff has filed a total of twenty-one cases in this court, the United States District Court for the Northern District of Ohio, and the United States District Court for the Southern District of West Virginia. Seven of those actions have been dismissed, while the other fourteen are still pending at various stages. Of those cases having been dismissed, at least three have been dismissed as legally frivolous or for failure to state a claim upon which relief may be granted. See Bowker v. Eastlake Police Department, et al., United States District Court, Northern District of Ohio, Civil Action No. 1:99-cv-1360 (Gaughan, J.); Bowker v. Jacksy, United States District Court, Northern District of Ohio, Civil Action No. 1:97-cv-3321 (Wells,

---

[2](...continued)
Northern District of Ohio. See Civil Action No. 1:04-2400. The remaining actions are being disposed of by separate reports dated this same day. See Civil Action No. 1:05-0040; Civil Action No. 1:05-0063; Civil Action No. 1:05-0145; Civil Action No. 1:05-0274; Civil Action No. 1:05-275; and Civil Action No. 1:05-0276.

[3]Public Access to Court Electronic Records.

J.); and <u>Bowker v. Western Reserve Transit Authority, et al.</u>, United States District Court, Northern District of Ohio, Civil Action No. 4:00-cv-1730 (Economus, J.)(Docket Sheets Attached).

Title 28 of the United States Code, Section 1915(g), prohibits a prisoner proceeding <u>in forma pauperis</u> from bringing a civil action or appealing a judgment in a civil action if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

With respect to the instant action, despite the plaintiff's certification, under penalty of perjury, that prior to filing the instant action he has not brought three or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, the court has discovered otherwise. It appears that the plaintiff has intentionally falsified his <u>in forma pauperis</u> application in order to avoid the prohibition of § 1915(g). As a result, the plaintiff may only proceed with this action if he is under imminent danger of serious physical injury.

The "imminent danger" exception to the <u>in forma pauperis</u> statute is measured at the time the complaint is filed. <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312 (3d Cir. 2001)(en banc). As our court has previously set forth:

3

> [t]he Third Circuit Court of Appeals has noted that, where a plaintiff alleged "'continuing harassment, ploits [sic] to hurt or kill [him], and other forms of retaliation,' such generalized allegations strike us as insufficient to connect the separate incidents mentioned into a pattern of threats of serious physical injury that are ongoing." Abdul-Akbar, 239 F.3d at 315 n.1. Other courts have also found vague allegations of imminent danger insufficient. The Eight Circuit Court of Appeals concluded that "general assertions [are] insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (citing Abdul-Akbar, 239 F.3d at 315 n.1). Similarly, the Sixth Circuit found that alleged threats of mistreatment at the hands of other inmates and prison staff absent allegations of any immediate or specific danger of future serious physical injury did not fall within the "imminent danger" exception to 1915(g). Davis v. Cook, 4 Fed. Appx. 261, 262 (6th Cir. 2001). The Tenth Circuit concluded that the plaintiff failed to raise a credible allegation of imminent danger of serious physical injury when he presented a "collection of vague and utterly conclusory assertions." White v. State of Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

See Nealon v. Keller, et al., Civil Action No. 3:03-1705 (Conaboy, J.).

Here, the plaintiff has only made general, vague and conclusory assertions which do not allow the court to apply the imminent danger exception of § 1915(g). He specifically alleges that he is not under threat of imminent serious physical injury, (Doc. No. 2, p. 1), then goes on to allege that "prison staff are beating and torchuring (sic) people, myself and others have been locked outdoors in a cage in sub-freezing weather, left there for many

hours, and had ice water thrown upon them. Other prisoners have been beaten while handcuffed." While the plaintiff makes these general assertions of various abuses of inmates, the assertions are not specific as to time, place, inmate or proof. Further, there is also no specific threat of future attacks[4]. In light of plaintiff's lack of candor with the court in providing false information on his in forma pauperis application and the extraordinary nature of his allegations, it is untenable that only the plaintiff would be aware of and bring forward such serious allegations. Thus, the plaintiff's allegations can be seen as nothing more than vague and conclusory assertions. Abdul-Akbar and the case law reviewed above instruct that these allegations do not meet the imminent danger exception to 1915(g).

---

[4]The court notes that in his final three actions filed with this court, the plaintiff abandons any claim of abuse. See Civil Action No. 1:05-0274; Civil Action No. 1:05-0275; Civil Action No. 1:05-0276.

On the basis of the foregoing,

**IT IS RECOMMENDED THAT:**

the plaintiff's complaint be dismissed pursuant to the provisions of 28 U.S.C. § 1915(g).

                                           **s/ Malachy E. Mannion**
                                           **MALACHY E. MANNION**
                                           **United States Magistrate Judge**

**Dated:   March 14, 2005**

O:\shared\REPORTS\2005 Reports\05-0146