# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC S. BOWKER,** | : | **CIVIL ACTION NO. 1:05-CV-0146** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **MRS. GUYSER, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 7th day of November, 2005, upon consideration of the order of court (Doc. 37) directing plaintiff, proceeding *pro se* and *in forma pauperis* in this case, to file, on or before October 28, 2005, a response showing cause why the above-captioned action should not be dismissed for failure to prosecute, and of the previous order of court (Doc. 36) directing plaintiff to file a brief in opposition to the motion to dismiss (Doc. 28), and advising that failure to do so could result in dismissal of this case for failure to prosecute, and it appearing that plaintiff has not filed a response or brief in opposition as of the date of this order, see FED. R. CIV. P. 41(b) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting *sua sponte* dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss for failure to prosecute), that plaintiff, acting *pro se* in this action, was advised of the necessity

of responding to defendants' motion and to orders of court and is personally responsible for failing to do so, see id. (identifying "extent of the party's personal responsibility" as first factor), that plaintiff's conduct has prejudiced defendants by requiring defendants to assume the cost of continued preparation for trial without prompt resolution of the likely meritorious motion to dismiss, see id. (identifying "[p]rejudice to the adversary" as second factor), that plaintiff's failure to respond to defendants' motion or the orders of court (Docs. 28, 36, 37) constitutes a history of dilatoriness, see id. (identifying "history of dilatoriness" as third factor), that plaintiff's failure to respond to the orders of court when previously advised by the court that inaction may result in dismissal of the above-captioned case constitutes willful disregard of the court's authority, see id. at 868-69 (identifying "willful" or "bad faith" conduct as fourth factor), that admission of certain facts or evidence or assessment of costs against plaintiff would be ineffective to deter plaintiff's conduct because plaintiff has already been deemed not to oppose the motion[1] and because plaintiff is proceeding *in forma pauperis* in this case (Doc. 16), see id. at 869 (identifying availability of "[a]lternative sanctions" to dismissal as fifth factor), and that plaintiff's claim likely lacks merit (see Docs. 1, 32), see id. at 869-70 (identifying "[m]eritoriousness of the claim" as sixth factor); see also Peterkin v. Jeffes, 855 F.2d 1021, 1039 (3d Cir. 1988) (establishing that "it must first be shown that the proceeding involves access to the courts" and that "some actual injury, that is, an

---

[1] See L.R. 7.6 ("Any respondent who fails to comply with this rule shall be deemed not to oppose such motion.").

'instance in which an inmate was actually denied access to the courts,' has occurred"), it is hereby ORDERED that:

1. The above-captioned action is DISMISSED for failure to prosecute. <u>See</u> FED. R. CIV. P. 41(b).

2. The Clerk of Court is directed to CLOSE this case.

3. Any appeal from this order is DEEMED frivolous and not in good faith. <u>See</u> 28 U.S.C. § 1915(a)(3).

  <u>S/ Christopher C. Conner</u>  <br>CHRISTOPHER C. CONNER<br>United States District Judge